Leonard L. Finz, J.
In this action tried before a jury and a verdict having been rendered in favor of the plaintiff, the sole question presented to the court is whether a written instrument executed by the plaintiff and asserted by the defendant by way of an affirmative defense should be so constructed as to bar plaintiffs ’ action by a dismissal of the complaint.
The issues of law presented to the court are of sufficient novelty and interest as to warrant a judicial review of the body of case law previously addressed to the subject.
The undisputed facts are these: The plaintiff appeared at defendant’s beauty institute as a patron for the purpose of having some services performed on her hair and paid the token fee requested. She requested that her hair be washed and set, whereupon a student at the defendant institute did proceed to wash and set her hair and then proceeded to place her under a hair dryer. The student operator sat the plaintiff down and attempted to place the drying machine over the plaintiff’s head for the purposes of drying her hair. The drying machine was jammed and the operator commenced several “ pulling down ” motions and in the attempt to free the dryer from its jammed position, caused it to crash down with the result that the dryer struck the plaintiff’s nose causing her to sustain personal injuries to that area.
Prior to the wash and set plaintiff was asked to, and did in fact, execute the following instrument:
‘1 RELEASE
“ I understand that all work performed on these premises is done by students at my own risk. I herewith agree, forgive and release any students who may perform any services, the Queens Beauty Institute, its personnel, directors, staff, now and forever for any claims of any nature.”
*598 The construction of the release now becomes the sole question before the court.
It is defendant’s contention that the affirmative defense of general release should be maintained and that the concomitant motion for dismissal of the complaint should be granted. In support of its stated position defendant cites Johnson v. Star Permanent Wave Corp. (23 A D 2d 958); Salamy v. New York Cent. System (1 A D 2d 27) and General Elec. Co. v. Hatzel & Buehler (19 A D 2d 40, affd. 14 N Y 2d 639). Although defendant does not cite Ciofalo v. Vic Tanney Gyms (10 N Y 2d 294) in its memorandum of law, defendant pressed for its application in oral argument during the trial of the action.
The general rule of law mitigates against a contractual undertaking that would operate to absolve a wrongdoer from the consequences of his tortious conduct unless the exculpatory instrument is unequivocal and clear in its language and construction (see Boll v. Sharp & Dohme, 281 App. Div. 568, affd. 307 N. Y. 646).
In the Boll case {supra), the court addressed itself to a situation in which a blood donor executed an instrument purporting to be a general release. In that case the purported release was far more explicit than in the instant case, which release stated in part (p. 573): “I agree that neither the Sharp & Dohme Donor Center, New York, nor any surgeons, physicians, technicians, nurses, agents or officers connected with Sharp & Dohme, Inc., or who may be participating otherwise in this work, shall be in any way responsible for any consequences to me resulting from the giving of such blood or from any of the tests, examinations or procedures incident thereto, and I hereby release and discharge each and all of them from all claims and demands whatsoever which I or my heirs, executors, administrators or assigns have or may have against them or any of them by reason of any matter relative or incident to such donation of blood.” The court in holding that the subject-instrument did not purport to exempt the defendant from use of ordinary care in the methods employed in taking plaintiff’s blood went on to say (p. 571): “ It was manifestly not intended that defendant was to be freed from consequences resulting from negligence in its technique in taking blood, such as, for example, causing blood poisoning through neglecting to sterilize instruments. This would be the reasonable and natural interpretation, even without the canon of construction that relief in the consequences of one’s own negligence is not assumed to have been intended in the absence of express words to that effect.” (Emphasis supplied.) The court stated further: (p. 570): “ Courts have *599 always hesitated to allow parties to absolve themselves from the obligation to exercise ordinary care in human relationships, by contracting that the operation of the law of negligence shall be suspended in broad areas of conduct. * * * ‘ The general principle that contracts breaking down common-law liability and relieving persons from just penalties for their negligent and improper conduct are not to be favored, and should not be given an enforcement beyond that demanded by their strict construction, has been announced, by the courts with often repeated reiteration.’ ” (Emphasis supplied).
The defendant cites the Salamy case (1 A D 2d 27, supra) in support of its position. Upon a close reading of that case, this court is bound to agree with the general rationale of the court’s decision but finds that the general fact pattern as set forth in Salamy is too dissimilar from the facts as set forth in the instant case as to furnish sufficient guidelines for the application of Salamy to the instant case.
The defendant also cites the Johnson case (supra) in support of its position. In the Johnson case, the plaintiff received burns to her hair while taking a permanent wave. Clearly the exculpatory agreement executed by the plaintiff in the Johnson case in favor of the defendant was designed to excuse the defendant from the very and specific consequences of the damages which plaintiff ultimately sustained; to wit: damage to her hair as a result of services and treatment rendered to her hair. The subject agreement in the Johnson case was clear and concise, the interpretation of which would not and could not come under any strain of construction. In the instant case before this court, unlike the Johnson case, there was no damage to plaintiff’s hair and there were no burns resulting from services performed on her hair. There was, however, damage and injury caused by the mechanical failure of equipment and the negligent use thereof which were the proximate causes of the injuries sustained by the plaintiff. It appears clear to this court that it was never the intention of the plaintiff to insulate the defendant from any and all damages and injury which would result from the occurring circumstances. It can be said within the framework of reasonable construction, that nothing in the form of pure insulation of liability was so contemplated. Further, the intention is neither as clear, nor as unequivocal, as set forth in the Salamy case {supra).
The defendant argues further that in the instant case the plaintiff knew that services to be performed were in fact to be performed by student operators. The thrust of defendant’s argument is that the intention of the parties was necessarily *600 related to the fact that the clear understanding was that students were to perform the services on behalf of plaintiff at a greatly reduced fee, and that the defendant obtained the subject release for the purpose of protecting itself from the possible actions of inexperienced students. If the purpose of the subject release was not to remove liability, argues the defendant, then the subject instrument would be meaningless. In support of this stated proposition, the defendant relies upon the General Elec. case (19 A D 2d 40, affd. 14 N Y 2d 639, supra) wherein the court held (p. 43): “ ‘ It is a cardinal rule of construction that a court should not “ adopt an interpretation ” which will operate to leave a “ provision of a contract * * * without force and effect ”.’ ”
Although this court is in general agreement with the rule as set forth in the General Elec. case (supra), it finds that its general application must yield to the specific rule that an instrument that seeks to absolve a defendant from responsibility for its tortious conduct must be specific, concise and unequivocal in its language and meaning (see the Boll case, 281 App. Div. 568, affd. 307 N. Y. 646, supra).
It follows, that the case law of this State coupled with the rule of reason command, and further, demand a strict and absolute construction of the written words in order for the instrument to transcend the effect and application of the doctrine cited in the Boll case. Accordingly, the subject instrument must withstand the test of severe judicial scrutiny as clearly defined in the Boll case and in the Ciofalo case (10 N Y 2d 294, supra). What is that test and what are the words in the subject release that must withstand the thrust of strict construction?
The essential words of the subject release that must stand exposed and repel judicial inspection are: " All work performed on these premises * * * now and forever, for any claim of any nature.”
With respect to “all work performed on these premises ”, the logical construction would result in releasing the defendant from the consequences of all services to be performed, that is, in connection with the actual setting or drying of the plaintiff’s hair. Obviously the plaintiff would be barred by the operation of the subject release from pressing an action against the defendant on the basis that something of an improper nature was done to her hair (see Johnson, 23 A D 2d 958, supra). This circumstance is what the release specifically contemplated and this is what was obviously intended in the exculpatory language used, and not a release of liability extending to every possible area of negligence not anticipated by either party at *601 the inception of the execution of the instrument. If it can be said that it was the intention of the parties to absolve the defendant from any and all negligence which would result in injury to the plaintiff, it was the burden of the defendant to recite clear, concise and unequivocal language, exculpatory in nature so as to leave no doubt as to its interpretation (see Howard v. Handler Bros. & Winell, 279 App. Div. 72, affd. 303 N. Y. 990). The defendant chose the specific subject language “ all work performed ” and not the plaintiff. “ All work performed ” is synonymous with ‘ ‘ all services performed ’ ’ and not to matters coincident or concomitant to the performance of such services. It was the duty of the defendant to recite its intention in definitive language and any instrument which falls short of such a target should and must be resolved against its framers. (See Rentways, Inc. v. O’Neill Milk & Cream Co., 308 N. Y. 342.)
A contrary finding would have the effect of rewarding the defendant by excusing him for a tort neither covered nor properly identified in the subject instrument. For example, could the defendant assert the subject release as an affirmative defense if the plaintiff suffered injury by falling from a chair which collapsed under her, assuming that all of the other elements of negligence were present? It would appear to this court that under those circumstances the subject instrument would not absolve the defendant from such liability and that such a hypothetical situation projects a closer parallel to the instant case than the situation set forth in the Johnson v. Star Permanent Wave case, upon which the defendant relies.
Having determined that “ all work performed ” refers to “ all services performed,” the final phrase of the subject release “ now and forever for any claim of any nature ” which relates directly to “ work ” or “ services,” as interpreted by the court, must a fortiori similarly fall.
The court has omitted any reference to the doctrine of assumption of the risk since it was neither raised by plaintiff nor defendant and since the determination of the court and the rationale as set forth hereinabove would obviate the proper application of the doctrine.
Accordingly, in that the subject release fails to express in unequivocal, clear and concise terms the absolute intention to relieve the defendant of liability for its own negligence under the circumstances of the instant case, the subject instrument is hereby stricken and declared a nullity and the affirmative defense is hereby dismissed. Let the verdict of the jury stand.